McIlvaine, J.
It is not unlawful, in this State, to travel upon public highways, for pleasure merely, upon the Sabbath day. The due and legal observance of the Sabbath day is regulated by statute. Act of March 30, 1864, Swan & Saylor, 289. In addition to “ common labor (works of necessity and charity only excepted), the statute makes it unlawful for any person of fourteen years or upward to be found on the first day of the week, commonly called Sunday, sporting, rioting, quarreling, hunting, fishing or shooting.” Beyond these inhibitions the observance of the day is left to the conscience and religious convictions of the citizen; and in our judgment the innocent and healthfirl exercise of riding or driving is not within the meaning of the terms of inhibition. The only possible doubt is as to the meaning of the word “ sporting;” but, whatever may be included within the meaning of that word, we do not believe that the legislature intended to inhibit the quiet, peaceful and invigorating exercise of either walking or riding upon the Sabbath day, although no urgent necessity or charity may prompt the exercise.
By the act of April 15, 1857 (S. & S. 880), it is declared that “ the obstructing or incumbering by fences, buildings, *10 structures or otherwise, -any of the public highways, or street, or alleys of any city or village, shall be deemed nuisances,” and “Any person injured in his health, comfort, property,-or the enjoyment of his estate, by any nuisance, may maintain against the party guilty of the same, an action for the recovery of damages, as in other cases.” The obstruction of the highway mentioned in the original petition was clearly a nuisance within the meaning of this act, and the only question made is, was the plaintiff in error “ guilty of the same.” Upon the testimony before them, the jury were justified in finding that the part of the highway obstructed was upon the premises of the plaintiff in error; that the tree which made the obstruction was his property; that he consented that it should be cut down, and that it would not have been felled but for his consent. He thus became as guilty of the nuisance as if he, himself, had felled the tree into the road. The condition attached to his consent, that the tree should not be felled into the road, did Dot exonerate him from blame. It was his duty to the public to see that the condition was performed. If those persons to whom he gave authority to cut the tree did not remove it from the road, it was his duty to remove it.
We also think that the jury were justified in finding that the plaintiff below did not contribute to his injury by his own negligence.

Judgment affirmed.